ROBINS v. UNITED STATES (No. 339).[1]

1. BELTINGS.
   "Beltings" as used in paragraph 320, tariff act of 1897, denotes beltings as articles of dress.

2. BALATA BELTINGS.
   Without determining balata to be india rubber in the commercial sense, balata is in similitude, india rubber, and was dutiable under paragraph 449, tariff act of 1897.

## United States Court of Customs Appeals, February 1, 1911.

TRANSFERRED from United States Circuit Court for Southern District of New York (T. D. 29727).

[Affirmed.]

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellant.
*D. Frank Lloyd*, Assistant Attorney General (*Edwin R. Wakefield* on the brief), for the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This case comes to us on an appeal taken from the decision of the Board of General Appraisers to the United States Circuit Court for the Southern District of New York, transferred to this court under the provisions of the act of August 5, 1909.

The merchandise in question is balata belting, composed of balata and cotton, balata being the component material of chief value. The merchandise was assessed at 30 per cent ad valorem under the provisions of paragraph 449 of the tariff act of 1897 providing for "manufactures of * * * india rubber * * * or of which (india rubber) is the component material of chief value, not specially provided for."

The protest claimed the merchandise to be dutiable at 20 per cent ad valorem under section 6 of the act as nonenumerated articles manufactured in whole or in part, or under section 7, at the same rate of duty, by similitude to band or belting leather, provided for in paragraph 438.

The Government's contention is that the merchandise is either assessable under paragraph 449 as assessed by the collector, or that it should be assessed under paragraph 320 as belting. Paragraph 320 occurs in schedule I, under the title of "Cotton manufactures," and the section itself reads in part as follows:

Bandings, beltings, bindings, bone casings, cords, garters, lining for bicycle tires, ribbons, suspenders and braces, tapes, tubing, and webs or webbing, any of the foregoing articles made of cotton or other vegetable fiber; whether composed in part of india-rubber or otherwise, and not embroidered by hand or machinery, forty-five per centum ad valorem; * * *

<hr>

[1] Reported in T. D. 31278 (20 Treas. Dec., 246).

We think the connection in which the word "beltings" here appears is indicative of a purpose to restrict it to beltings used as articles of dress, and is not intended to apply to machinery beltings. This is the view taken by the Board of General Appraisers in the matter of the protest of the New York Leather Belting Co. (T. D. 28298), where this precise question was considered, and where it was held that under the doctrine of ejusdem generis belting of the character herein involved was excluded from classification under the provisions of paragraph 320. We agree with this conclusion.

It was held in the case of Earle Bros. *v.* United States (153 Fed. Rep., 773), that balata, while differing in species from india rubber, falls within the commercial understanding of india rubber. We find it unnecessary to affirm this holding, as we think the same result as to this case should be reached without determining that question.

It is beyond question that balata is in its material and substance similar to india rubber. There is a slight difference between the elasticity of india rubber and balata. India rubber is more elastic, while balata is somewhat tougher. But it is used for similar purposes, and possesses the characteristics of india rubber in all essentials. It has some elasticity, it is very similar to india rubber in appearance, and is adapted to substantially the same uses.

It is argued that the similtude clause does not apply and the case of Morgenstern & Goldsmith *v.* United States (T. D. 26733) is invoked to sustain this contention. That case, a decision of the Board of General Appraisers, arose under paragraph 449 of the tariff act, which reads as follows:

Manufactures of bone, chip, grass, horn, \* \* \* or of which these substances or either of them is the component material of chief value, not specially provided for in this act, thirty per centum ad valorem. \* \* \*

The importation consisted of umbrella handles made of an artificial substance called gallilith, and it was contended that the article was dutiable by similitude as manufactures of horn because of the similarity of use. It was said in the opinion:

Since there is no dispute that the umbrella handles in question are made of gallilith, the idea that they resemble horn in either material, quality, or texture may be dismissed from further consideration. So that, therefore, if the merchandise is dutiable at all by similitude it is simply because of the use to which in the form imported it is applied. \* \* \*

It is in evidence, and in fact it may be said to be within common knowledge, that horn is manufactured into many articles other than umbrella handles. If, therefore, the merchandise in question—concededly made of a substance other than horn, but which in form and use is similar to umbrella handles made of horn—falls within the blanket provision for manufactures of horn in said paragraph 449, it would follow that numberless other articles made from probably as many substances into as many forms, not enumerated in the tariff act, would be dutiable by similitude as the merchandise in question was assessed, and we hardly think that such is the law or that Congress so intended.

Plainly, we do not think that the provision in the tariff act for manufactures of horn is such an enumeration as warrants the application of the similitude clause to an imported article, not provided for, *manufactured of a substance altogether different from horn in material, quality, and texture.*

Umbrella handles similar in form, and of course for the same use, are made also of wood, celluloid, mother-of-pearl, and metal, all of which materials are provided for in the same general way as manufactures of horn, and such being the fact the question naturally arises, why apply the similitude clause in the assessment of duty at the rate for manufactures of horn in preference to the rates provided for manufactures of these other materials? Such an application of the similitude clause as has been made in this case seems to us to be altogether unjustified.

It requires but a reading of this decision to point the difference between the question there presented and the one here under consideration. The similitude in this case is not a similitude of use, but it is a similitude of material, quality, and texture. In all these respects balata is so similar to india rubber as to have been classed as india rubber in judicial determination, and it needs no argument to show that it is in fact almost identical with india rubber in all essential respects. The designation or classification of an article as a manufacture of a particular specified material is obviously a sufficiently specific designation for tariff purposes. Arthur *v.* Sussfeld (96 U. S., 128); Arthur *v.* Butterfield (125 U. S., 70); and Hartranft *v.* Meyer (135 U. S., 237).

Any article manufactured from such a material is an article enumerated within the meaning of the similitude clause of section 7 of the tariff act of 1897. Balata, therefore, bearing this similitude to india rubber, we think is dutiable under paragraph 449 unless there is some other paragraph more specifically describing it. That the similitude clause is to be invoked before resort is had to the clause fixing the tariff on nonenumerated articles is elementary, and similitude in any one of the particulars named in section 7 is sufficient.

It is, however, urged that this importation is more properly dutiable under paragraph 438, which, under the title of "Leather and manufactures thereof," fixes a duty of 20 per cent ad valorem on band or belting leather. As already pointed out, the similitude to india rubber is most apparent. Even if we assumed that there was a like similitude to band or belting leather, the very terms of section 7, that "if any nonenumerated article equally resembles two or more enumerated articles on which different rates of duty are chargeable, there shall be levied on such nonenumerated article the same rate of duty as is chargeable on the article which it resembles paying the highest rate of duty," would determine this case.

We conclude that the Board of General Appraisers was not in error in classifying this importation under paragraph 449, and the decision of the board is *affirmed.*