UNITED STATES v. DAVIES, TURNER & Co. et al. (No. 1293).[1]

1. A CHEMICAL COMPOUND—GROUND ORE NOT.

There must be some artificial mixture of chemicals or artificial compounding of substances to produce a chemical compound or chemical mixture. A natural ore which has received no treatment except to be mechanically ground is not a chemical compound or mixture.

2. CRUDE MATERIALS ADVANCED IN CONDITION BY GRINDING.

This merchandise is not arsenic, and neither is it an acid or a sulphide of arsenic, but as a crude ore, being advanced in condition, it is not entitled to free entry. It falls within paragraph 480, tariff act of 1909, as a nonenumerated partly manufactured article.

United States Court of Customs Appeals, March 25, 1914.

APPEAL from Board of United States General Appraisers, Abstract 33749 (T. D. 33778).

[Reversed.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel; *Charles D. Lawrence,* special attorney, on the brief), for the United States.

*Brown & Gerry* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The subject of these appeals is a natural ore mined in southern France. Before importation it was ground for the purpose of facilitating the reduction of its contents. When chemically analyzed it was found to consist chiefly of arsenic and antimony in the form of oxides. As to which of these was predominant the evidence is not clear to us, the board, however, finding it was oxide of arsenic. This question of predominance we do not deem important.

The merchandise as imported was in the state nature produced it, except the grinding above mentioned. The appraiser did not consider it to be commercial arsenic, and returned the ore for duty as a chem-

---

[1] Reported in T. D. 34325 (26 Treas. Dec., 554).

·ical mixture under paragraph 3 of the tariff act of 1909. The importers protested, claiming it was entitled to free entry under one of the following paragraphs:

482. Acids: Arsenic or arsenious, * * *.
497. Arsenic and sulphide of arsenic, * * ·*.
626. Minerals, crude, or not advanced in value or condition by refining or grinding, or by other process of manufacture, * * *.

or, in the alternative, if the above paragraphs were found to be inapplicable, that it was dutiable at 10 or 20 per cent ad valorem under paragraph 480 of the same act. The Board of General Appraisers upon hearing held the merchandise was entitled to free entry under paragraph 482.

In its brief and argument the Government does not suggest any good reason for sustaining the collector's assessment, but confines itself to pointing out that importers' claim for free entry under any of the paragraphs quoted ought not to have been sustained. ·

On the other hand, the importers are unable to present any·cogent reason for sustaining the board's decision.

We do not think the collector's assessment was correct, because paragraph 3, which it is unnecessary to quote, does not relate to wholly natural products such as the ore in this case, but, in the part relied upon for the assessment, refers to *chemical compounds and mixtures.* · The fair implication of this language, in view of its context, is that there must be some artificial mixture of chemicals or ·artificial compounding of substances to produce a chemical compound and that a natural ore which has received no treatment whatever except the mechanical one of grinding is not within the paragraph. To hold otherwise would subject a large variety of articles imported in a state of nature to the paragraph, an unwarranted result, we think and one not contemplated by Congress.

We do not think either paragraph 482 or paragraph 497 is applicable, because the evidence shows that the merchandise is not arsenic and neither is it an acid nor a sulphide of arsenic. The importers' main contention for free entry is based upon paragraph 626, in that, as they claim, these ores are crude minerals. But the language of the paragraph excludes crude minerals if they have been advanced in value or condition by grinding or refining. Concededly these ores have been ground, and although the constituents have not been segregated, the grinding was for the purpose of facilitating the reduction of the contents, thereby clearly advancing the condition of the ores and doubtless also advancing their value, thereby, as we think, excluding them from the paragraph.

The importers here contend, if none of the free-entry paragraphs be found applicable, that the merchandise is within the provisions of paragraph 480 and dutiable thereunder at 20 per cent ad valorem as a nonenumerated partly manufactured article, and we think this

# Title