UNGERER & CO. (INC.) *v.* UNITED STATES (No. 2980)[1]

United States Court of Customs Appeals, November 14, 1927

*Comstock & Washburn* (*Geo. J. Puckhafer* of counsel) for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*Kenneth G. Osborn*, special attorney, of counsel), for the United States.

[1] T. D. 42469.

[Oral argument October 5, 1927, by Mr. Puckhafer and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

The merchandise involved in this appeal consists of four commodities known respectively as resinarome oak moss, resinarome orris, resinarome labdanum, and resinarome Peru. They are manufactured abroad, apparently in France, by Charabot & Co., and imported by appellant. They are sometimes referred to as resinoids, but commonly as resinaromes, a trade name over which importer, or Charabot & Co., claims exclusive control. The classification of the two resinaromes first mentioned was considered by this court in *Ungerer & Co. (Inc.)* v. *United States*, 13 Ct. Cust. Appls. 534, in which it appeared, as it does here, that orris root and oak moss were reduced to powder, subjected to the action of a volatile solvent, which, after a while, was distilled off, leaving a residuum which is a thick, gummy, resinous mass, somewhat fluid, in which condition it is imported.

It appears in the instant case that the last two mentioned resinaromes, in the condition as imported, have been produced respectively from what is called a crude resin labdanum and a crude gum, balsam or resin, Peru in substantially the same manner as the first two. It does not appear how the crude material for the last two resinaromes is obtained. The evaporation of the volatile solvent is, as the testimony on behalf of importer shows, accomplished in a vacuum or under normal pressure, at high or low temperature, just which is not disclosed, nor is the kind of volatile solvent employed made known, the precise method of evaporation and the kind of solvent employed being a trade secret. The testimony shows, and it is agreed, that all these resinaromes are used in the manufacture of perfumery.

The merchandise was directly classified by the collector and assessed for duty under the second provision in paragraph 61 of the Tariff Act of 1922. We quote the entire paragraph, numbering for convenience the three provisions or clauses therein:

Perfume materials:

1. Ambergris, castoreum, civet, and musk grained or in pods, 20 per centum ad valorem.

2. Anethol, citral, geraniol, heliotropin, ionone, rhodinol, safrol, terpineol, vanillin, and all natural or synthetic odoriferous or aromatic chemicals, all the foregoing not mixed and not compounded, and not specially provided for, 45 per centum ad valorem.

3. All mixtures or combinations containing essential or distilled oils, or natural or synthetic odoriferous or aromatic substances, 40 cents per pound and 50 per centum ad valorem.

*Provided*, That only materials not marketable as perfumery, cosmetics, or toilet preparations, and not containing more than 10 per centum of alcohol shall be classified for duty under this paragraph.

*Provided further,* That all of the foregoing materials containing more than 10 per centum of alcohol shall be classified for duty under paragraph 62 as toilet preparations.

Importer contends for classification as a nonenumerated manufactured article under paragraph 1459 of the act at 20 per centum ad valorem, or at the same rate by similitude of use under the first provision in paragraph 61 by reason of the provisions of the similitude paragraph 1460.

The Government contends that all these resinaromes are directly classifiable as we held the first two mentioned to be in the former case—that is, under the third provision in paragraph 61; and, further, that if for any reason paragraph 61 is not directly applicable they are nevertheless classifiable thereunder by similitude and dutiable at the rate provided in the second or third provision thereof. It argues in this connection that if similitude controls, the resinaromes appear to bear a more substantial resemblance in material, quality, and use to the merchandise covered by the third clause of the paragraph than to those covered by the second clause.

In the first case the merchandise had been classified by the collector, the same as here, under the second provision of paragraph 61. It appeared that glucosides and alcohol were components of the two resinaromes there involved. Importer had contended for free entry under paragraph 1584 of the act, and in the alternative for classification under paragraph 1459. The court below found the merchandise to be odoriferous or aromatic chemicals, and sustained the collector's action. In so doing it overruled a former decision, T. D. 49287, G. A. 8824, in which, on meager evidence, it had held the merchandise to be entitled to free entry as claimed by importer.

As appears by our opinion in the first case, we concluded that because of the unexplained presence of alcohol and glucosides in the resinaromes then before us, as well as the testimony that such resinaromes were not aromatic chemicals in fact, and our understanding that the chemicals referred to in the second provision of paragraph 61 must be capable of being expressed by a definite symbol used in chemistry, that the merchandise was not properly classified by the collector, but should have been directly classified as a mixture or combination containing natural, odoriferous, or aromatic substances under the third provision of paragraph 61, and therefore, without approving the collector's action, we affirmed the judgment below. It appeared in that case that the resinaromes, were not capable of being expressed by any definite chemical symbol.

In the case at bar the record in the former case was received in evidence. Additional testimony was also introduced on behalf of importer by Doctor Charabot, the manufacturer and inventor or discoverer of the secret process employed in manufacturing these

resinaromes. He did not testify in the first case, and his testimony here is undisputed. It is to the effect that these resinaromes as imported contain no materials or ingredients whatever other than such as were present in the crude articles; that is, the root, moss, gum, or resin from which they were produced. Two other witnesses also testified on behalf of importer, the substance of whose testimony was that in fact, and in the trade dealing therein, mixtures and combinations used as materials for making perfumery were understood to be obtained by deliberate, artificial combining or mixing of various materials, and that these resinaromes were not such. The Government offered no additional evidence.

The purpose of importer's additional proof was to meet our conclusion in the former case that the resinaromes were classifiable as mixtures or combinations containing natural or synthetic odoriferous or aromatic substances. It was, as importer argues, the first occasion it had to meet that claim, it not having been litigated in the court below in the first case.

Importer now contends that this uncontroverted proof that the imported resinaromes contain nothing that was not in the original crude material from which they are made results that our conclusion in the first case can not be upheld, in view of the common meaning of the term "mixtures or combinations," as used in the third provision of paragraph 61.

In view of our former holdings that the words "mixtures" and "combinations" generally mean the artificial mixing or combining of different ingredients, we admit, for the purposes of this decision, the soundness of importer's contention. See *United States* v. *Davies, Turner & Co. et al.*, 5 Ct. Cust. Appls. 196, and *Monticelli Bros.* v. *United States*, 8 Ct. Cust. Appls. 21, and cases therein cited. If the evidence now in the record had been presented to us in the former case, we probably would not have held that the merchandise was directly dutiable under the third provision of paragraph 61.

There remains, however, for decision the question of similitude. The court below found—

1. That the resinaromes were a natural product;

2. That they contained no foreign substances;

3. That in each of the natural products from which they were made alcohol was naturally present;

4. That they were not a mixture or combination within the meaning of the third provision of paragraph 61; and

5. That each was used as a material in the manufacture of perfumery for both its odor and fixative values. None of these findings of *fact* is controverted by either side. The court also took cognizance in making its fourth finding, which really determines a question of law, that it differed from our conclusion in the first case, but sug-

gested that if the record as made in the instant case had been before us in the other, we would have reached a different conclusion.

So far, however, as our conclusion in that case that a proper interpretation of the second clause of paragraph 61 requires that chemicals of the kind therein mentioned to be directly dutiable thereunder must be capable of expression by a definite chemical symbol, we see no reason to change our opinion. It is not claimed that we erred in that respect.

One member of the court below, in a dissenting opinion, expressed the views that findings 1, 2, and 3 seemed to him to take the merchandise out of the second provision of paragraph 61; that the fourth finding took it out of the third provision therein; that the fifth finding did not put it back into any provision of the paragraph, but led to the conclusion that the merchandise was properly classifiable as a nonenumerated manufactured article. The majority, however, without mentioning the similitude paragraph, affirmed the collector's classification and overruled the protests.

As in the former case, we are still of opinion that these resinaromes are not chemicals within the meaning of the second provision of paragraph 61, and having adopted the views of the court below that they are not directly within the third provision thereof, we consider whether they are dutiable under any provision in the paragraph by similitude. That paragraph, 1460, provides:

> That each and every imported article, not enumerated in this act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this act as chargeable with duty, shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; and if any nonenumerated article equally resembles two or more enumerated articles on which different rates of duty are chargeable, there shall be levied on such nonenumerated article the same rate of duty as is chargeable on the article which it resembles paying the highest rate of duty.

The meaning of this paragraph has long been settled.

> If an article is found not enumerated in the tariff laws, then the first inquiry is whether it bears a similitude, either in material, quality, texture, or use to which it may be applied to any article enumerated as chargeable with duty. If it does, and the similitude is substantial * * * it is to be deemed the same, and to be chargeable accordingly. In other words, although not specifically enumerated, it is provided for under the name of the article it most resembles. *Arthur* v. *Fox*, 108 U. S. 125.

It is not here contended that these resinaromes are *eo nomine* or by descriptive language enumerated elsewhere in the act.

The application of the similitude provision is subject to the rule that a paragraph may clearly indicate an intent that nothing shall, by similitude, be dutiable thereunder. Such exclusion, however, will not be assumed or implied from either an *eo nomine* or a descrip-

tive provision, but there must be express language of exclusion, or a condition tantamount to the same. *Strauss* v. *United States*, 2 Ct. Cust. Appls. 203; *Nevin* v. *United States*, 5 idem, 423.

We find nothing in paragraph 61, except the last proviso thereof, which is inapplicable to these resinaromes, that justifies the conclusion that the similitude provision may not be invoked in assessing substances used as perfumery materials and not directly classifiable as such under any of its provisions.

An article is, for the purpose of invoking the similitude paragraph "enumerated" if it comes within a class made dutiable in general terms quite as certainly as if it is made dutiable under an *eo nomine* designation. *Robins* v. *United States*, 1 Ct. Cust. Appls. 252; *United States* v. *Buss*, 3 idem, 87; *United States* v. *Cochran*, 3 idem, 57, and cases therein cited.

Applying the principles to be deduced from the foregoing cases, and many others might be cited to the same effect, we think these resinaromes are dutiable under paragraph 61 by virtue of the similitude provision. They are perfume materials used in making perfumery and nothing else; they contain natural, odoriferous substances, and are used not only for their odor but for their fixative value. Of course, odor is a requisite of perfumery and fixity thereof desirable. While for the purposes of this decision we do not regard them as *mixtures* or *combinations* containing natural odoriferous substances, they clearly are *articles* containing such substances.

The question remains, Which of the classes of materials provided for in paragraph 61 do these resinaromes most resemble? Those of the first class are of animal origin, the resinaromes are not. The second class may be, according to the language of the second clause, either natural or synthetic chemicals. These resinaromes are, according to the proof, not chemicals, but are natural products. The third class includes all *combinations* or *mixtures* (neither is, in terms, included in the first or second class) which contain natural odoriferous or aromatic substances. These resinaromes the court below found to be natural products containing no foreign substances and used for making perfumery, for both the *odor* and fixative value. They are, therefore, perfumery materials, containing natural odoriferous substances very similar to the things provided for in the third provision of the paragraph and used for the same purpose.

Though not directly classifiable under the third clause of paragraph 61, they are so by similitude. The collector not having so classified them, it follows, as in the first case, that the judgment below is affirmed without approving the collector's classification.

*Affirmed.*