(C. D. 480)

ROLLS RAZOR, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided April 30, 1941)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*John J. McDermott,* special attorney), for the defendant.

Before BROWN and TILSON, Judges; Brown, J., concurring in the conclusion

TILSON, Judge: The plaintiff filed this suit seeking to recover a certain sum of money alleged to have been illegally exacted as customs duties on imported merchandise. The merchandise consisted of soap and bowls, the bowls to be used as containers of shaving soap. Duty was levied on the soap and bowls at 30 per centum ad valorem under paragraph 80 of the Tariff Act of 1930. The collector found that the bowls were not usual containers of merchandise and accordingly assessed additional duty on the bowls at the rate of 40 cents per pound and 50 per centum ad valorem under paragraph 33 of said act as compounds of casein, known as galalith, made into finished or partly finished articles, by virtue of paragraph 1559 of the same act. The plaintiff claims the bowls to be properly dutiable at only 20 per centum ad valorem under paragraph 1558 of said act, as articles manufactured, not specially provided for.

Prior to the trial of this case counsel for the plaintiff submitted a sample of the merchandise to a commercial analyst, and counsel for the defendant likewise submitted a sample to the Government analyst, both for the purpose of having proper analyses prepared. At the trial the chemists who made the respective analyses testified.

Although in the first part of his brief filed herein counsel for the defendant denies having offered any evidence to bring the merchandise within paragraph 1539 (b), yet in his conclusion counsel for the defendant makes the following statement:

If not similar to galalith, the bowls have as their chief binding agent a synthetic resin and are, therefore, dutiable under paragraph 1539 (b) at 50 cents per pound and 40 per centum ad valorem.

The merchandise was not classified, by similitude or otherwise, under said paragraph 1539 (b), and the plaintiff offered no evidence to bring it within the provisions of said paragraph. This being true, it is not apparent upon what counsel for the defendant bases his contention that the merchandise is dutiable under said paragraph 1539 (b).

The differences between a casein product and bakelite, or phenolic resin products, is that the galalith, or casein product, is made by using casein and subjecting it to the action of formaldehydes, whereas a bakelite product is made by first using formaldehyde with phenol and forming a sort of alcohol, and this is then subjected to a polymerization process.

The witness then testified that the similarity between synthetic phenolic resin products and compounds of casein products was the same similarity that would be between any synthetic resin or plastic. Explaining this the witness testified:

Well, a plastic, first of all, is something that can be forced into a particular shape, and, for that reason, its existence—that justifies its existence, its shape or form; this is the function that is fulfilled by any synthetic compound at any time or other, that is, before they set.

The witness further testified that aside from the similarities which are common to all plastics there are not any other similarities between synthetic phenolic resin and compounds of casein or galalith. The witness also admitted on cross-examination that he included galalith and articles similar to galalith as a member of the plastic family.

In an effort to show that the imported merchandise was similar as to material to the merchandise provided for in said paragraph 33, counsel for the defendant interrogated the Government chemist as follows:

Q. Based on your experience with articles of galalith, and compounds of galalith, and based on your analysis of Illustrative Exhibit 3, can you tell the court whether or not you found anything in Illustrative Exhibit 3 which resembles galalith in any way, shape, or form?—A. Well, of course, galalith contains formaldehyde, and so did this.

Q. Based on your experience, do you find any common characteristic between galalith and Illustrative Exhibit 3?—A. They have the common property of being formed under conditions of heat; they can be molded; they can be machined; they can give products identical to the eye.

Counsel for the plaintiff in his brief filed herein concedes, in effect that under the decision in *McKesson* v. *United States*, C. A. D. 77, "the principle of *stare decisis* would preclude the plaintiff from receiving a favorable judgment on the issue of 'unusual containers.'"

The evidence offered by the plaintiff is sufficient to establish that the merchandise is not covered by the provisions of paragraph 1539 (b). It is not made of laminated products, nor is it made of any other product of which any synthetic resin or resin-like substance is the chief binding agent. Without intending any reflection upon the Government analyst, we feel that the analysis made by the plaintiff's chemist was much more thorough and exact, and for that reason is entitled to more consideration and weight. The plaintiff's chemist consumed approximately 1 month in making his analysis, whereas the Government chemist consumed only about 3 hours in making his analysis. There was no presumption of correctness in favor of a classification under said paragraph 1539 (b) to be overcome by the plaintiff, for the reason that no classification was made under said paragraph.

When questioned as to whether or not the merchandise was a product of which any synthetic resin or resin-like substance was a binding agent, the witness stated "that the greater bulk of the compound is a synthetic phenolic resin, and possesses the property of holding itself

together alone and aside from any other ingredients." "No, it isn't a binding agent; it is the main body of the thing." The witness then definitely stated that the resinous substance in the article was not the chief binding agent; that a binding agent is not necessary in the bowls in question, because the product is able to stick together of its own cohesiveness.

With regard to the 50 per centum of wood flour which the defendant's chemist stated he found in the imported bowls, we are inclined to accept the testimony of the plaintiff's chemist to the effect that he found only a negligible quantity of wood flour, in view of the more thorough analysis which he made.

In describing the differences between synthetic phenolic resin and compounds of casein, the witness stated:

This testimony by the Government witness is not far out of line with that given by the plaintiff's witness to the effect that there are no similarities between the imported merchandise and the merchandise provided for under said paragraph 33. This testimony falls far short of establishing that the imported merchandise is similar, either in material, quality, texture, or the use to which it may be applied to the merchandise provided for in said paragraph 33. The weakness of the Government's contention is demonstrated by the answer of its own witness, hereinbefore quoted, that "galalith contains formaldehyde, and so did this." Water may contain salt and so may pork meat, but the fact that they both contained salt would not even tend to show that they were similar, either in material, quality, texture, or the use to which they may be applied.

The fact that the imported merchandise and the merchandise provided for in said paragraph 33 both belong to the plastic family is no evidence that the two are similar in any respect. The common house cat and the elephant both belong to the animal family, but this is no evidence that they are similar, either in material, quality, texture, or the use to which they may be applied.

Considering the record as a whole, we are satisfied that the imported merchandise is not a product of which synthetic resin or resin-like substance is the chief binding agent. The record also shows that the imported merchandise is *not* similar, either in material, quality, texture, or the use to which it may be applied to the merchandise provided for in paragraph 33 of the act of 1930. Not being elsewhere specially provided for, the bowls in this case, which were assessed with duty under paragraph 33 of the act of 1930 at 40 cents per pound and 50 per centum ad valorem, are properly dutiable at 20 per centum ad valorem under paragraph 1558 of said act, as articles manufactured, not specially provided for.

To the extent indicated the specified claim in this suit is sustained; in all other respects and as to all other merchandise all the claims are overruled.   Judgment will be rendered accordingly.

BROWN, Judge: I concur in the conclusion reached.