**No. 49598.**—Protest 987564–G of Richard C. Wolfe (Los Angeles).

Opinion by WALKER, J. The exhibit is a round tank, about 4 inches in diameter and 3½ inches high, having a removable cover, and containing an adjustable reel for films. It developed that beside synthetic resin there is contained in said exhibit 38 percent of wood flour and some dyes and coloring matters. The plaintiff's witness, an electrical engineer, stated that in his opinion the exhibit was not an article made of a product in which synthetic resin or resinlike substance is the chief binding agent and that the wood flour, dyes, and coloring matter were there partly for the reason that an article made of nothing but synthetic resin would not have resiliency or strength, but would be very brittle, and partly for the reason

that such article would be translucent, while a daylight developing tank must be opaque. In other words, it was apparently the plaintiff's view that the synthetic resin in the article at bar is not present as a binding agent but is the chief material of which the article is manufactured, the other ingredients being present to add desirable characteristics (citing *Bates* v. *United States* (T. D. 47189) and *Rolls Razor, Inc.* v. *United States*, 6 Cust. Ct. 271, C. D. 480), while the defendant was of the opinion that the wood flour, dyes, and coloring matter would not hold together without the synthetic resin and that if the synthetic resin were removed the exhibit would fall apart. Following *Lee & Schiffer* v. *United States* (12 Cust. Ct. 183, C. D. 850) the protest was overruled.