SEPTEMBER 3, 1947

**No. 51891.**—SUIT 4565.—*Perry Ryer & Co.* v. *United States.*—
—C. D. 1028 reversed May 20,
1947. C. A. D. 367.

BEFORE THE FIRST DIVISION, SEPTEMBER 10, 1947

**No. 51892.**—Eurasia Import Co., Inc. *v.* United States, petitions 6570–R, etc.
(New York).

OLIVER, Presiding Judge: These petitions are for remission of additional
duties assessed under the provisions of section 489, Tariff Act of 1930, by reason
of undervaluation on entry of certain merchandise, viz, corduroys and velveteens,
imported from Japan and entered at the port of New York.

It appears that in 1939 and 1940 the petitioning company herein made more
than 100 entries covering this type of merchandise and that numerous conferences
were held between representatives of the company and the examiner with respect
to value. The importer disagreed with the value found by the examiner and
made up several test cases which were decided in the Government's favor. On
review, the single judge was reversed and a decision in favor of the importer was
rendered. Subsequently, on appeal by the Government, our appellate court
sustained the values found by the reviewing division as base values but remanded
the case to the division to consider the questions of the dutiability of commission
and control fees.

Thereafter, a compromise was effected by adding the commission and control
fees. When these two items were added, the values of the merchandise, while
considerably less than the appraised values, were slightly higher than the entered
values and resulted in the imposition of the additional duties which occasioned the
filing of this petition.

Ruben Goldberg, secretary of the importing company, testified that representa-
tives of the company had many conferences with the examiner before entry con-
cerning the value of the merchandise; that they cooperated fully with the customs
officials in establishing a value and that there was no intent at any time to deceive
the appraiser or to defraud the customs or the Government of the United States
of any moneys due (R. 5).

Counsel for the Government offered no testimony and expressed agreement with
the facts as set forth by petitioner's counsel and the testimony of the witness for
the petitioner. It was further adduced at the hearing that the former examiner
who passed upon the instant merchandise and the customs agent who had con-
ducted investigations in the foreign market reported that in their opinion there
was no attempt to conceal or misrepresent the facts of the case.

From the record it is apparent that entry of the merchandise at less than the
final appraised value was without any intent to defraud the revenue of the United
States, conceal or misrepresent the facts of the case, or to deceive the appraiser
as to the value of the merchandise.

The petition is therefore granted.

BEFORE THE FIRST DIVISION, SEPTEMBER 11, 1947

**No. 51893.**—James E. Fox & Co., Inc. *v.* United States, protest 57803–K (New
York).

Opinion by OLIVER, P. J.   It was stipulated that certain items of the merchandise are similar in all material respects to the articles the subject of *Rolls Razor, Inc.* v. *United States* (6 Cust. Ct. 271, C. D. 480) and Abstract 51306.   In accordance therewith the claim at 20 percent under paragraph 1558 was sustained.

**No. 51894.**—James E. Fox & Co., Inc., et al. v. United States, protests 57822–K, etc.   (New York).

Opinion by OLIVER, P. J.   It was stipulated that certain items of the merchandise are similar in all material respects to the articles the subject of *Rolls Razor, Inc.* v. *United States* (6 Cust. Ct. 271, C. D. 480) and Abstract 51306.   In accordance therewith the claim at 20 percent under paragraph 1558 was sustained.

**No, 51895.**—C. S. Emery & Co. v. United States, protests 6110–K, etc. (St. Albans).

Opinion by OLIVER, P. J.   It was stipulated that the merchandise consists of polymerized vinyl acetate film similar in all material respects to that the subject of Abstract 51693.   In accordance therewith the claim of the plaintiff was sustained.

**No. 51896.**—Alfred Kohlberg, Inc. v. United States, petition 6560–R (New York).

COLE, Judge:   The provisions of section 489, Tariff Act of 1930 (19 U. S. C. § 1489), are invoked in this case to obtain remission of additional duties accruing by reason of the final appraised values exceeding the entered values of bleached sheer linens exported from Belfast, Ireland, and entered at the port of New York.

Two witnesses appeared herein, i. e., the president of the petitioner corporation and the United States examiner who advisorily appraised the merchandise.   Their testimony agrees in showing that prior to entry petitioner made inquiry of customs officials, through officially recognized submission sheets (exhibits 1 and 2), for information concerning market value; that the United States examiner advised entry to be made at the quotation appearing on the latest price list (collective exhibit 3) of the foreign shipper's New York representative; and that petitioner declined to do so, preferring to enter at the lower invoice price, being the purchase price for the merchandise.

The United States examiner also stated that he called the importer's attention to a notation on the invoices relating to home market value which appeared to agree with the amount quoted in the price list previously mentioned, and recalled "having had two telephone conversations with someone who I believed to be Mr. Kohlberg or it may have been some representative of his, and they indicated at the time that they desired me to advance it."   (R. 45.)

The president of the petitioner corporation testified that entry was made at the lower value, permitting the appraiser's advance, upon the belief that the entered value would be supported by determination of the issue then pending in