Opinion by OLIVER, P. J.   It was stipulated that certain items of the merchandise are similar in all material respects to the articles the subject of *Rolls Razor, Inc.* v. *United States* (6 Cust. Ct. 271, C. D. 480) and Abstract 51306.   In accordance therewith the claim at 20 percent under paragraph 1558 was sustained.

**No. 51894.**—James E. Fox & Co., Inc., et al. *v.* United States, protests 57822–K, etc.   (New York).

Opinion by OLIVER, P. J.   It was stipulated that certain items of the merchandise are similar in all material respects to the articles the subject of *Rolls Razor, Inc.* v. *United States* (6 Cust. Ct. 271, C. D. 480) and Abstract 51306.   In accordance therewith the claim at 20 percent under paragraph 1558 was sustained.

**No, 51895.**—C. S. Emery & Co. *v.* United States, protests 6110–K, etc. (St. Albans).

Opinion by OLIVER, P. J.   It was stipulated that the merchandise consists of polymerized vinyl acetate film similar in all material respects to that the subject of Abstract 51693.   In accordance therewith the claim of the plaintiff was sustained.

**No. 51896.**—Alfred Kohlberg, Inc. *v.* United States, petition 6560–R (New York).

COLE, Judge:   The provisions of section 489, Tariff Act of 1930 (19 U. S. C. § 1489), are invoked in this case to obtain remission of additional duties accruing by reason of the final appraised values exceeding the entered values of bleached sheer linens exported from Belfast, Ireland, and entered at the port of New York.

Two witnesses appeared herein, i. e., the president of the petitioner corporation and the United States examiner who advisorily appraised the merchandise.   Their testimony agrees in showing that prior to entry petitioner made inquiry of customs officials, through officially recognized submission sheets (exhibits 1 and 2), for information concerning market value; that the United States examiner advised entry to be made at the quotation appearing on the latest price list (collective exhibit 3) of the foreign shipper's New York representative; and that petitioner declined to do so, preferring to enter at the lower invoice price, being the purchase price for the merchandise.

The United States examiner also stated that he called the importer's attention to a notation on the invoices relating to home market value which appeared to agree with the amount quoted in the price list previously mentioned, and recalled "having had two telephone conversations with someone who I believed to be Mr. Kohlberg or it may have been some representative of his, and they indicated at the time that they desired me to advance it."   (R. 45.)

The president of the petitioner corporation testified that entry was made at the lower value, permitting the appraiser's advance, upon the belief that the entered value would be supported by determination of the issue then pending in