The manager of the accounts payable department of the petitioner, which department includes the foreign division, testified that all of the customs clearance of imports for said petitioner is handled in his department; that said department entered into correspondence with the exporting company with a view to obtaining information as to the price at which the goods must be sold in order to make a profit; that the Dorel Jewelry Co., in answer to correspondence, informed the petitioner as to a change in price on August 13, 1946, several months after appraisement.

It is noted that while this information was not received by the petitioner until some months subsequent to the appraisement of these goods, the record shows that the Government officials did not receive any information indicating higher prices until after the appraisement had been made. As stated in our original decision, the importer, the petitioner herein, was notified by the appraiser to ascertain from the shipper the foreign or export value. This notification appears on the so-called "submitted sheet" which is a form submitted to the appraiser with a request for the latest information as to value of the merchandise. It appears that this submittal sheet was dated only 1 day prior to the date entry was made. The Government contends that the petitioner failed to meet the burden of proof in that it failed to make every attempt to comply with the direction of the appraiser to ascertain from the shipper the value of the merchandise.

It is the opinion of the court and we so hold that the petitioner, by the introduction of additional testimony, has proven that in making entry there was no lack of good faith nor any attempt to defraud the Government or deceive its officials. While there may have been carelessness or negligence on the part of this petitioner in that the information called for by the appraiser was not obtained until a considerable time had elapsed, mere carelessness and negligence are not sufficient ground upon which to deny a petition. See *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls. 395, T. D. 41322; *Syndicate Trading Co.* v. *United States*, id. 409, T. D. 41339; *United States* v. *Fish*, 268 U. S. 607.

We therefore find that the petition should be and the same is hereby granted. Judgment will be rendered accordingly.

BEFORE THE FIRST DIVISION, DECEMBER 17, 1948

**No. 52748.**—The American Import Co. et al. *v.* United States, protests 8455–K, etc. (San Francisco).

Opinion by OLIVER, C. J. It was stipulated that certain items of the merchandise are similar in all material respects to the articles the subject of *Rolls Razor, Inc.* v. *United States* (6 Cust. Ct. 271, C. D. 480) and Abstract 51306. The claim at 20 percent under paragraph 1558 was therefore sustained.

**No. 52749.**—Fay On Chong & Co. et al. *v.* United States, protests 48631–K, etc. (San Francisco).

Opinion by OLIVER, C. J. It was stipulated that certain items of the merchandise are similar in all material respects to the articles the subject of *Rolls Razor,*

*Inc.* v. *United States* (6 Cust. Ct. 271, C. D. 480) and Abstract 51306. The claim at 20 percent under paragraph 1558 was therefore sustained.

**No. 52750.**—L. Goorevich et al. *v.* United States, protests 52644–K, etc. (San Francisco).

Opinion by OLIVER, C. J. It was stipulated that certain items of the merchandise are similar in all material respects to the articles the subject of *Rolls Razor, Inc.* v. *United States* (6 Cust. Ct. 271, C. D. 480) and Abstract 51306. The claim at 20 percent under paragraph 1558 was therefore sustained.

**No. 52751.**—Chinese Art Co. et al. *v.* United States, protests 71887–K, etc. (New York).

Opinion by OLIVER, C. J. It was stipulated that the merchandise consists of mah jong sets and other articles similar in all material respects to the synthetic resin articles which were the subject of Abstracts 45795 and 49907. The claim at 20 percent under paragraph 1558 was therefore sustained.

**No. 52752.**—Pacific Dry Goods Co. *v.* United States, protest 81573–K (San Francisco).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the puzzles are similar to those the subject of Abstract 40057, the claim at 33⅓ percent under paragraph 412 was sustained.

**No. 52753.**—Chong Kee Jan & Co. *v.* United States, protest 994467–G (San Francisco).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of paper snakes similar to those involved in Abstract 50981, the claim at 45 percent under paragraph 409 was sustained.

BEFORE THE THIRD DIVISION, DECEMBER 17, 1948

**No. 52754.**—Wm. S. Pitcairn Corp. *v.* United States, protests 65528–K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the