MARCH 3, 1944

**No. 49248.**——Protest 79454–K of Burns Lumber Co. Government's application for rehearing denied.

Before OLIVER, WALKER, and COLE, Judges; COLE, J., not participating

MEMORANDUM TO ACCOMPANY ORDER DENYING MOTION FOR REHEARING

In this case the defendant, through its attorney, seeks a rehearing on the ground that the judgment of this court, rendered on December 9, 1943, is, in effect, an equity decree which the court is powerless to make.

In the course of the memorandum of law submitted in support of the motion for rehearing, we note the following:

* * *. Since it is conceded that the item under consideration was not marked on the invoice but was omitted and not included within the markings through error, it must be concluded that the collector did make his reliquidation in accordance with the judicial mandate.

We have carefully read the record, but fail to find any concession such as is set forth above.

It is easy to see, from an examination of the invoice, how the difficulty in this case came about. The first three items on the invoice read as follows:

| | Pieces | Net footage | Gross footage | Amount |
|---|---|---|---|---|
| DOUGLAS FIR | | | | |
| 1 x 3 #1, #2, & #3 S₄S _____ <br> 1 x 4 #1, #2, & #3 S₁S₁E _____ | 87, 384 | 238, 095′ | 324, 928′ | $3, 158. 36 |
| WEST COAST HEMLOCK | | | | |
| 1 x 4 #1, #2, & #3 S₁S₁E _____ | 308, 675 | 1, 537, 867′ | 1, 925, 571′ | 16, 851. 92 |

When the invoice was submitted to the examiner it bore the entrant's notation indicating entry under paragraph 401 of the Tariff Act of 1930, at the amended rate of 50 cents per thousand board feet, and all of the foregoing items were bracketed together. In making his return on the invoice the examiner drew a line in red ink beginning at the left of the paper *below* the "1 x 4" of the third item and extending through it and ending at the right of the paper *above* the first item. Above this line he wrote the following in red ink:

Sawed lumber, NSPF (Fir) & (Hemlock), Par. 401, 50¢ per M Bd. Ft. I. R. C. Sec. 3424—$1.50 per M Bd. Ft.

When the stipulation upon which the case was originally decided was submitted to the examiner he marked it "A—Wm. M." on a line even with the first item, and then below this drew a perpendicular green line to indicate the extent of the merchandise intended to be covered thereby. At the bottom of the perpendicular green line he drew a horizontal green line extending almost to the diagonal red line heretofore mentioned.

There is no question but that the method of handling the invoice on the part of the examiner, both on his original return and in marking it for the purpose of stipulation, manifests negligent procedure, but in our view the method of marking is subject to two interpretations. That adopted by the defendant is that the end of the horizontal green line, which is, in truth and in fact, above the last item, indicates that only the items above that line were included in the marking. The other interpretation, which accords with the examiner's statement of his intention, is that the green line, terminating at about the diagonal red line, indicates that all items above the red line were included in the marking.

It is obvious that the first three items were considered to be one class of merchandise and were so advisorily classified by the examiner. That advisory return was adopted by the collector in classifying the merchandise. It is also obvious that the original protest was filed objecting to the basis of liquidation under that classification, and that the judgment of the court was directed toward the merchandise which had been so classified and liquidated.

Our attention has been drawn in the memorandum filed in support of the motion for rehearing to the cases of *Bullocks, Inc.* v. *United States,* 7 Cust. Ct. 12, C. D. 522, and *Saji Trading Co., Ltd.* v. *United States,* 7 id. 238, Abstract 46176.

The feature which distinguishes those cases from the present case is that there the examiner failed to mark the disputed items at all. In the case at bar the examiner's marking is subject to interpretation. Under one interpretation, i. e., that the mark covered all the items down to the red-ink line, which, we think, it will be admitted by all was the intention of the parties to the stipulation, the items, or the class of merchandise, were sufficiently marked. Under the other interpretation—which nobody intended—the last item was not sufficiently marked. When one considers the nature of the claim made in the protest, which was sustained by the court, that the tax under the Internal Revenue Code should have been taken on the net footage imported, neither logic nor law can support the second interpretation.

For the foregoing reasons we are satisfied that the collector did not follow the mandate of this court when reliquidating under its original judgment, and the motion for rehearing will be denied.