BEFORE THE FIRST DIVISION, SEPTEMBER 12, 1950

**No. 54651.**—Wenchow Importing Co. *v.* United States, protest 103750–K (New York).

OLIVER, Chief Judge: The merchandise in the protest before us is covered by two entries. In one entry (No. 758041) it is described as "celluloid ladies" and "celluloid elephants" and in the other entry (No. 748292) as "celluloid mah jong sets." The imported articles in both entries were assessed with duty at the rate of 50 per centum ad valorem and 40 cents per pound under paragraph 33, Tariff Act of 1930, by similitude to galalith. They are claimed properly dutiable as nonenumerated manufactured articles at 20 per centum ad valorem under paragraph 1558 of the same act. Counsel for the defendant (Government) at the trial contended that this merchandise was dutiable, not as classified by the collector, but at 35 per centum ad valorem under paragraph 1538 by similitude to manufactures of ivory.

An official sample, representative of the articles imported, is a figure of a Chinese woman, approximately 8 inches in height (plaintiff's exhibit 1). The entire surface of the figure is finished in various colors. A small section or block has been removed from the back of the statuette for the purpose of making a chemical analysis of the article. The interior of the figure, thus exposed by the removal of the small section, discloses its original appearance as a dead white, chalklike color.

The examiner who advisorily classified the involved merchandise testified that he based his classification on a Government chemist's report (Report No. E. 5658) made from a sample in another entry not here before us, which found the article therein to be composed of synthetic phenolic resin. This witness at the first hearing herein stated that the articles before us "looked like ivory." At the second hearing, the same witness testified that he was not the official examiner of ivory and that his sole contact with ivory in his official duties was with such items as ivory shaving brush handles. He then testified that Exhibit 1 is not ivory (R. 19) and does not resemble ivory in quality, but that it resembles ivory in weight in that it is fairly heavy, and in texture and material, and "it is sort of the color of ivory" (R. 21). He admitted that while the sample in question contains several colors, he had never seen painted ivory (R. 21). He stated on cross-examination that he did not make his advisory classification of the involved articles by similitude to ivory and that any hard plastic would bear the same resemblance to ivory that he stated exhibit 1 bore to ivory if it retained the color and appearance (R. 27). He further admitted that he had never seen ivory as white as the interior of exhibit 1, exposed by the removal of the small piece for analysis.

A United States chemist's report of an analysis made of plaintiff's exhibit 1 discloses that the sample representative of the imported merchandise "is made wholly of synthetic phenolic resin with a little surface pigment. The resin does not serve as a binding agent." Upon the trial there were incorporated herein the records in the cases of *Fan Co. et al.* v. *United States*, 14 Cust. Ct. 180, Abstract 49907; *American Express Co.* v. *United States*, 6 Cust. Ct. 622, Abstract 45795; and *China Overseas, Inc.* v. *United States*, 19 Cust. Ct. 149, Abstract 51959 (R. 11–12 and 16).

As the Government's claim that the articles at bar are dutiable by similitude to manufactures of ivory was not the action of the collector, there exists no presumption of correctness in this respect and the defendant had the burden of establishing the facts to support this claim. The evidence introduced on behalf of the defendant falls far short of supporting its claim. Similitude for tariff purposes must be a substantial one, either in material, quality, texture, or use. (*Ringk* v. *United States*, 13 Ct. Cust. Appls. 126, T. D. 40960, and cases cited therein.) The testimony of the defendant's sole witness fails to establish that the imported figures are substantially similar to ivory in any of the pertinent elements. The witness admitted that exhibit 1 does not resemble ivory in quality. His testimony that ivory is used to make articles like exhibit 1 and that many plastics are used for the same purpose for which ivory is used is insufficient to support a finding that the imported articles are similar to ivory with respect to use. "Classification by similitude of use is not satisfied by a mere showing of general usage of two comparable products." *Roovers Bros., Inc.* v. *United States*, 23 Cust. Ct. 53, C. D. 1190. With respect to similarity of texture, the testimony of the defendant's witness indicates that any similarity in this regard between plaintiff's exhibit 1 and ivory is a similarity that is not uncommon to any hard plastic. Such a showing is not sufficient to establish similarity between the two kinds of merchandise as to material, quality, texture, or the use to which they may be applied. *Rolls Razor, Inc.* v. *United States*, 6 Cust. Ct. 271, C. D. 480.

This record establishes that the merchandise at bar is composed wholly of synthetic phenolic resin and that this resin does not act as a binding agent. In the incorporated cases, this court has held that various articles composed wholly of synthetic phenolic resin, and in which the resin did not serve as a binding agent, were not dutiable either directly or by similitude to galalith under paragraph 33 of the Tariff Act of 1930 but were properly dutiable under paragraph 1558 of the act as nonenumerated manufactured articles.

On this record we are of opinion that the defendant has failed to establish its claim that these articles are dutiable under paragraph 1538 of the act by similitude to ivory. We find the articles at bar to be properly dutiable at 20 per centum ad valorem under paragraph 1558, Tariff Act of 1930, as nonenumerated manufactured articles, as claimed. The protest is sustained and judgment will issue accordingly.