OLIVER, Chief Judge: The merchandise herein consisting of mah jong sets was originally covered by protest 8457–K, one of a number submitted on a written stipulation and which was the subject of a decision and judgment of this court in *Hing Wah Tai Co. et al.* v. *United States,* reported in Abstract 52761, decided December 22, 1948.

The protest claim in the above case that certain invoice items marked "A" and checked with the initials YSB by Examiner Y. S. Brown were dutiable as nonenumerated manufactured articles at the rate of 20 per centum ad valorem under paragraph 1558, Tariff Act of 1930, was sustained. The collector, in reliquidating the involved entry in conformity with the said judgment, included one of the items, namely, case number 95, but made no allowance for two other cases on the invoice, numbers 93 and 94, on the ground that they were not initialed and marked by the said examiner. The present protest was thereupon filed claiming that said cases 93 and 94 should have been included in the reliquidation and assessed with duty at 20 per centum ad valorem under paragraph 1558, *supra,* pursuant to the decision and judgment of the court.

At the trial herein it was stipulated that the examiner, who was ill, if called as a witness, would testify with respect to cases 93, 94, and 95 that they were all intended to be covered by the stipulation signed and approved by him and were to have been marked in green ink with the capital letter "A" (R. 2). An examination of the invoice here in question discloses that the merchandise in cases 93 and 94 is listed on the line just above case 95. The initials "YSB" are opposite case 95, and a green line runs up from the initials toward cases 93 and 94.

It would appear that it was the intention of the examiner to initial and mark cases 93 and 94 as well as case number 95. It is obvious that all the items were considered to be one class of merchandise and were so advisorily classified by the examiner. That advisory return was adopted by the collector in classifying the merchandise. It further appears that the original protest was filed objecting to the basis of liquidation under that classification with respect to all the items in question, including cases 93 and 94, and that the judgment of the court was directed toward the merchandise which had been so classified and liquidated. We are satisfied that the collector in reliquidating under the original judgment should have included the merchandise in cases 93 and 94 as being properly dutiable under paragraph 1558, *supra,* at 20 per centum ad valorem. (See *Burns Lumber Co.* v. *United States,* 12 Cust. Ct. 269, Abstract 49248.)

On the record herein the protest claim that the merchandise in cases 93 and 94 should have been included in the reliquidation and assessed with duty at 20 per centum ad valorem under paragraph 1558, *supra,* is sustained, and judgment will issue accordingly.

CONCURRING OPINION

COLE, Judge: My views set forth in *Geo. S. Bush & Co., Inc., et al.* v. *United States,* 22 Cust. Ct. 158, C. D. 1175, questioning the jurisdiction of the division to decide a case somewhat similar to these proceedings, continue as the minority expression from the division. Under the practice and procedure of the court and the rules applicable thereto, much litigation before the court is dependent upon my participation in a decision of the same. Adhering, however, to my views expressed in the *Bush* case, *supra,* but for the purpose of expediting the work of the court, I am joining my colleagues in the disposition of this case, and concur in the opinion and judgment attached hereto.

**No. 54657.**—Max Schuster *v.* United States, protests 130196–K, etc. (New York).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of synthetic stones the same in all material respects as those the subject of *S. Nathan & Co., Inc.* v. *United States* (37 C. C. P. A. 99, C. A. D. 426), the claim at 10 percent under paragraph 1528 was sustained.

**No. 54658.**—J. & H. Baer, Inc., et al. v. United States, protests 133925–K, etc. (New York).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of synthetic stones the same in all material respects as those the subject of *S. Nathan & Co., Inc.* v. *United States* (37 C. C. P. A. 99, C. A. D. 426), the claim at 10 percent under paragraph 1528 was sustained.

**No. 54659.**—Max Schuster v. United States, protests 134437–K, etc. (New York)..

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of synthetic stones the same in all material respects as those the subject of *S. Nathan & Co., Inc.* v. *United States* (37 C. C. P. A. 99, C. A. D. 426), the claim at 10 percent under paragraph 1528 was sustained.

**No. 54660.**—Advanced Ring Manufacturers, Inc., et al. v. United States, protests. 141944–K, etc. (New York).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of synthetic stones the same in all material respects as those the subject of *S. Nathan & Co., Inc.* v. *United States* (37 C. C. P. A. 99, C. A. D. 426), the claim at 10 percent under paragraph 1528 was sustained.

**No. 54661.**—Advanced Ring Manufacturers, Inc., et al. v. United States, protests 145941–K, etc. (New York).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of synthetic stones the same in all material respects as those the subject of *S. Nathan & Co., Inc.* v. *United States* (37 C. C. P. A. 99, C. A. D. 426), the claim at 10 percent under paragraph 1528 was sustained.