No. 56967.—Wing On Co. and W. J. Byrnes & Co. of N. Y., Inc., et al. v. United States, protests 172028–K, etc. (New York and Boston).

OLIVER, Chief Judge: These protests, all of which were consolidated by consent of the parties, relate to certain carved figures and other articles composed of synthetic resin, covered by protest 172028–K, and represented by the invoice items marked "A" and checked either "JS" or "WAMcD," in the other consolidated protests, which were assessed with duty at 50 per centum ad valorem plus 40 cents per pound under paragraph 33 of the Tariff Act of 1930 by similitude to galalith. Plaintiffs claim that the merchandise in question is dutiable at the rate of 20 per centum ad valorem under paragraph 1558, Tariff Act of 1930, as nonenumerated manufactured articles.

At the trial, Government counsel stated defendant's position as follows:

MR. FITZGIBBON: May it please the Court, it is the Government's contention now that this merchandise is similar to ivory. Therefore, we abandon the Collector's classification that it is similar to galalith and we will ask the Court to overrule the protest without sustaining the Collector's classification. We are ready to proceed on that theory.

Defendant's attitude in this case, as expressed in the foregoing quotation, is the same as that taken in the cases of *Wenchow Importing Co.* v. *United States*, 25 Cust. Ct. 269, Abstract 54651, and *The Wing On Co.* v. *United States*, 25 Cust. Ct. 271, Abstract 54653, the records in which cases were incorporated herein on motion by plaintiffs and without objection from defendant. Hence, what we said in the *Wenchow Importing Co.* case, *supra*, can be repeated here: "As the Government's claim that the articles at bar are dutiable by similitude to manufactures of ivory was not the action of the collector, there exists no presumption of correctness in this respect and the defendant had the burden of establishing the facts to support this claim."

A sample of the articles in question (plaintiffs' exhibit 1) appears to be substantially the same as the merchandise which was before the court in the *Wenchow Importing Co.* case, *supra*. It consists of the figure of a Chinese woman with black hair and head covering, in a native, yellowish garment, and holding a long-stemmed flower; the over-all height being approximately 5 inches. A small section has been removed from one side of the statuette, revealing its original appearance as being dead white.

By order of the court, issued pursuant to plaintiffs' request and to which defendant offered no objection, a chemical analysis of the merchandise in question, said exhibit 1, was made by the Government analyst. His report (plaintiffs' exhibit 2), stating that "The figure is composed of synthetic phenolic resin" and that "the resin is not serving as a binding agent," is identical with the same kind of a report given with respect to the articles involved in the *Wenchow Importing Co.* case, *supra*.

It should be noted that the incorporated cases included therein the records in *Fan Co. et al.* v. *United States*, 14 Cust. Ct. 180, Abstract 49907; *American Express Co.* v. *United States*, 6 Cust. Ct. 622, Abstract 45795; and *China Overseas, Inc.* v. *United States*, 19 Cust. Ct. 149, Abstract 51959. All of the cases hereinabove mentioned sustained plaintiffs' claim for classification of the merchandise as nonenumerated manufactured articles under paragraph 1558, *supra*.

In this case, defendant introduced the testimony of two witnesses. An importer of religious goods, including statuettes of religious figures composed of ivory, "all of a whitish finish, pure ivory," characterized the merchandise in question, said exhibit 1, as "an ivorine figure," which has been treated to create an ivory effect. Concerning ivory figures that he has handled in the course of his business experience of 30 years, the witness testified that "If they stay in stock for over a long period of time, say, ten, fifteen, twenty years, they turn a natural yellow and the longer they are in stock or the older the ivory gets, whether they are in stock or not, it will turn very yellowish." After stating, on direct examination, that the merchandise in question simulates a carved ivory figure, he testified, on cross-examination, that the article, exhibit 1, *supra*, has been moulded, which is not characteristic of ivory; that neither in texture nor in quality does it resemble ivory; and that to carve figures like the present merchandise, either ivory, hard plastics, or material of which exhibit 1 is composed, can be used. Referring to the exposed part of the said article, the witness stated that its color "very nearly resembles" ivory, but that it is not the color of aged ivory.

Defendant's second witness was a customs examiner whose official duties include the inspection of ivory ware. He stated that the merchandise in question has the shape, design, and form of ivory figures; "In other words, this may be an imitation of a genuine ivory figure." He testified further that the sheen of said exhibit 1 gives the article an appearance of ivory, and by feeling the merchandise, a texture, like ivory, is revealed. On cross-examination, he testified that he had never seen ivory articles of the color of the merchandise in question, and that the exposed part of exhibit 1 does not have the appearance of ivory, but "looks like it is a moulded material."

Defendant's testimony, as hereinabove outlined, is merely cumulative in effect to that offered through the customs examiner who testified as defendant's witness in the incorporated cases. We find nothing in the proof adduced herein by defendant to cause us to depart from the reasoning employed in the said *Wenchow Importing Co.* and *The Wing On Co.* cases, *supra*.

We, therefore, follow our decisions in the two incorporated cases, as well as those whose records are embodied therein, and hold the articles covered by protest 172028–K and those represented by invoice items marked "A" and checked either "JS" or "WAMcD" on the other consolidated protests to be classifiable under paragraph 1558, Tariff Act of 1930, as nonenumerated manufactured articles, dutiable at 20 per centum ad valorem, as claimed by plaintiffs.

To the extent indicated, the protests are sustained and judgment order will issue accordingly.