(C. D. 1690)

B. K. ELLIOTT COMPANY v. UNITED STATES

United States Customs Court, Second Division

(Decided March 31, 1955)

*Jerome G. Clifford* for the plaintiff.

*Warren E. Burger*, Assistant Attorney General (*Dorothy C. Bennett, Chauncey E. Wilowsky*, and *Richard M. Kozinn*, trial attorneys), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: An importation of slide rules, composed of a plastic material described as polyvinyl chloride, was classified by the collector of customs as mathematical instruments in paragraph 360 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 360) and duty was imposed thereon at the rate of 40 per centum ad valorem. Inasmuch as paragraph 360 provides that the merchandise be wholly or in chief value of metal, classification was made by virtue of the similitude clause in paragraph 1559 of said act (19 U. S. C. § 1001, par. 1559).

Plaintiff claims primarily that the merchandise is a compound of casein, known as galalith, "or by any other name," made into finished or partly finished articles, as provided in paragraph 33 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 33), as modified by the General Agreement on Tariffs and Trade (82 Treas. Dec. 305, T. D. 51802), likewise invoking the similitude provision, and dutiable at 20 cents per pound and 25 per centum ad valorem.

In its brief, plaintiff states that other claims which were made herein "while not abandoned, are not pressed."

The pertinent provisions of the statutes involved are here set forth—

Paragraph 360 of the Tariff Act of 1930:

PAR. 360. Scientific and laboratory instruments, apparatus, utensils, appliances (including surveying and mathematical instruments), and parts thereof,

wholly or in chief value of metal, and not plated with gold, silver, or platinum, finished or unfinished, not specially provided for, 40 per centum ad valorem; * * *.

Paragraph 33 of said act, as modified, *supra*:

Compounds of casein, known as galalith, or by any other name:

\*        \*        \*        \*        \*        \*        \*

Made into finished or partly finished articles of which any of the foregoing is the component material of chief value not specially provided for_____ 20¢ per lb. and 25% ad val.

Paragraph 1559 of said tariff act, containing the similitude provision which both plaintiff and defendant invoke:

PAR. 1559. That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; and if any non-enumerated article equally resembles two or more enumerated articles on which different rates of duty are chargeable, there shall be levied on such nonenumerated article the same rate of duty as is chargeable on the article which it resembles paying the highest rate of duty; * * *.

At the trial, a sample of the imported slide rules was received in evidence and marked exhibit 1. A report of a chemical analysis made by the United States Customs Laboratory at the port of New York was received in evidence as exhibit 2. The chemist's report reads as follows:

The rule, including the fixed and sliding parts, is made of a colored synthetic resin (polyvinyl chloride type) which contains 11.6% titanium dioxide. The runner, consisting of a framed colorless transparent plate with a fine vertical line in its center, is also made from a synthetic resin (polymethyl methacrylate type).

Two witnesses were called, both of whom testified on behalf of plaintiff.

Elmer H. Johnson, sales correspondent for the plaintiff company, testified merely for the purpose of identifying exhibit 1 as representing the importation; that, whereas there were several sizes of slide rules in the shipment, they were all of the same length "the difference in the rules being in the graduations on the rule, whether logarithmic type of plain multiplication and division rule."

Ignatius J. Wernert, a highly qualified chemist in the employ of the plaintiff company, testified to his familiarity with the subject merchandise. He was then shown the chemist's report of analysis, exhibit 2, and stated that he was familiar with synthetic resins of the polyvinyl chloride type and with titanium dioxide, which is a pigment. He agreed with the report of the United States chemist that "The runner [or cursor], consisting of a framed colorless transparent plate with a fine vertical line in its center, is also made from a synthetic resin (polymethyl methacrylate type)."

Wernert also testified to his knowledge of casein and some of its compounds, such as galalith, which he described as "* * * a casein which has been treated with formaldehyde, and this treatment turns it into a plastic material, which is horn-like, tough, and it has other properties common to plastics." He testified further that certain casein formaldehyde derivatives are classified under the name "galalith"; that the merchandise in controversy is similar in material to compounds of casein, known as galalith; and that there are well-defined similarities in quality between the imported articles and compounds of casein, known as galalith, in that—

They are both smooth. They are both capable of being machined. They are both of a high finish, which I suppose is smoothness. They are both capable of being printed. They have similar texture. I think it would be very difficult to distinguish between a slide rule made of galalith and one made of polyvinyl chloride without making a chemical analysis.

Regarding the imported slide rules, he stated that they are very similar to articles made of casein, known as galalith, and outlined 17 points of similarity as follows:

* * * both galalith and polyvinyl chloride are organic resins. They are both synthetic materials. They both are compounds of carbon, and they both contain hydrogen. They are both resistant to oxidation, and they are non-flammable. They both are high-molecular weight materials, that is they are heavy molecules. They are both solids. They both have indefinite melting points, or decomposition points. They are both rather hard and horn-like materials. They are both insoluble in many of the common organic solvents, as well as being insoluble in water. They are both transparent, or can be made in a transparent state. They both can be shaped with heat and pressure, either one or the other, or a combination of the two.

* * * * * * *

* * * They can both be machined. They can both be dyed. They can both be pigmented. They can both be made to take a high polish. They are both non-toxic, and I finally concluded this by saying that they have many similar applications, which I believe has already been brought out by the testimony I have given. There are probably other similarities, but these are the most important ones.

Finally, Wernert expressed the opinion that exhibit 1 is a plastic, which is similar in material, texture, quality, and use to the compound, known as galalith.

As noted earlier in this opinion, both parties rely upon the similitude clause in paragraph 1559, *supra,* as a guide to the proper classification of the commodity, and similitude, according to the statute, depends upon similarity in material, quality, texture, or use which one article bears to another.

The collector of customs classified the importation as mathematical instruments, in chief value of metal, not plated with gold, silver, or platinum. In doing so, it is presumed, as a matter of law, that he found the imported article was (1) not enumerated in the tariff act

and (2) that it was similar either in material, quality, texture, or the use to which it may be applied to a mathematical instrument, wholly or in chief value of metal. *United States* v. *Lilly & Co.*, 14 Ct. Cust. Appls. 332, T. D. 41970, and *United States* v. *Marshall Field & Co.*, 17 C. C. P. A. (Customs) 1, T. D. 43309.

Consequently, if we assume for the purpose of argument that the subject merchandise bears similitude to compounds of casein, known as galalith, or by any other name, and also to mathematical instruments, in chief value of metal (and the evidence clearly establishes that the imported slide rules are mathematical instruments), we are of the opinion that the *eo nomine* provision for mathematical instruments, being descriptive of the use of the commodity, is more specific than the provision for compounds of casein, known as galalith. *Julius Forstmann & Co.* v. *United States*, 28 C. C. P. A. (Customs) 222, C. A. D. 149, and cases therein cited. Moreover, the claimed similitude to compounds of casein, known as galalith, or by any other name, is very general in its terms and might apply to a multiplicity of articles, whereas the provision in paragraph 360 for mathematical instruments is specific and definite in its scope.

While the record establishes the similitude of the imported commodity to compounds—not identified—composed of galalith, we are of the opinion that the proven use of the imported slide rules as mathematical instruments demonstrates a greater degree of similitude to classification of the imported articles in paragraph 360 as mathematical instruments.

It may be noted in passing that, subsequent to the importation under consideration, paragraph 360, *supra*, was modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (86 Treas. Dec. 121, T. D. 52739), with the result that "Slide rules wholly or in chief value of synthetic resins" have been specifically provided for in said paragraph 360. From this fact, it may be assumed, as a matter of law, that slide rules of the kind just described were dutiable by similitude to mathematical instruments in paragraph 360 prior to its modification by said protocol. See *Abercrombie & Fitch Co.* v. *United States*, 9 Cust. Ct. 336, C. D. 709, wherein it was held that the modification of a paragraph of the tariff act is intended to limit the effect of such a provision to merchandise already comprehended within said paragraph.

Both parties to the proceedings rely upon the case of *Strauss & Co.* v. *United States*, 2 Ct. Cust. Appls. 203, T. D. 31946. The court there held that combs, composed of galalith, were properly classified for duty as "Combs, composed wholly of horn, or composed of horn and metal," by virtue of the similitude provision in the Tariff Act of 1909. The court rejected the contention of the importer in that case that the provision for combs was limited to those made of horn, or of

horn and metal, and that, consequently, combs made of other materials were excluded from the quoted provision.

Inasmuch as both of the parties hereto have quoted from the *Strauss* case, *supra*, at considerable length in their briefs, we deem it worthwhile to set forth the following pertinent portions of that opinion:

* * * Combs manufactured from gallilith have, of course, the same identical use as combs made from any other material, and in style, shape, and appearance, as shown by the samples in evidence, they are very similar to combs made of horn, in fact "just like them," as stated by one of the witnesses. With this as the evidence, and as neither gallilith combs nor manufactures of gallilith were specially provided for in the tariff act of 1909, under which the importation was made, the board held that the goods were similar in use to the horn combs for which special provision was made in paragraph 463 and, therefore, dutiable under that paragraph by similitude. Counsel for the importers urge that paragraph 481 is not applicable to the goods in question and that they can not be made dutiable by similitude under the last clause of paragraph 463 for the reason that that clause is restricted to combs composed wholly of horn or horn and metal and therefore explicitly excludes all other combs from its provisions. The difficulty with this contention is that counsel has assumed that an express designation of a particular article is the same thing as an express exclusion of all others. If paragraph 463, under which the merchandise was assessed for duty, excludes all combs other than those mentioned therein, it must be held to do so, not by reason of express language to that effect, but because the specific designation of a particular article implies a legislative intent to exclude all others in the absence of any provision of law otherwise directing. The law, however, under which the goods were imported contains an express statutory declaration which does not permit of that implication, and the distinction between an implied exclusion and an express exclusion, ordinarily of little consequence, must be fully respected if effect is to be given to paragraph 481, a very important provision of the tariff act. * * *

    \*        \*        \*        \*        \*        \*        \*

This provision specifically requires that imported articles which *are not enumerated* shall bear the same duty as articles which *are enumerated*, provided the former be similar to the latter either in material, quality, texture, or use. Such a requirement is wholly irreconcilable with the proposition that the duty imposed in some other part of the statute on a commodity therein specifically designated was intended by the legislature to apply to that commodity and no other. Of course, if Congress had provided in paragraph 463 for combs made of horn or of horn and metal, but not of gallilith, such a provision would have expressly excluded gallilith combs from that paragraph and made the similitude clause of paragraph 481 inapplicable to the goods under consideration. Not having done so, however, we can not imply that such was its intention in the face of an expressed direction that nonenumerated articles shall carry the same duty as the enumerated articles which such nonenumerated articles most resemble either in material, quality, texture, or use.

It is true that the similitude clause can not be applied to articles which are the same as the enumerated article and which are identical with the latter in material. Such articles are the same and not of a similar kind. The similitude clause is intended to apply only to articles which are different and distinct from the enumerated article, and the duty specifically attached to an article by reason of an improved condition which does not change its essential characteristics can not be affixed by similitude to the same article when not in that condition. * * * [Italics quoted.]

It is our opinion that the *Strauss* case lends support to the classification of the subject merchandise by the collector of customs in paragraph 360 as mathematical instruments, rather than as compounds of casein, known as galalith, as claimed by plaintiff.

While the plaintiff has introduced evidence in support of similitude to compounds of casein, known as galalith, said testimony would only support a conclusion of similitude to a *material*. There has been no evidence offered to indicate a similitude to specific *articles*, the component material in chief value of which is compounds of casein.

It may be added that, even if we assume, for the sake of argument only, the resemblance of the involved slide rules to the articles provided for in the two competing paragraphs is of equal stature, it would then be incumbent upon us to adopt that provision which imposes the higher rate of duty, namely, paragraph 360, by reason of the provision in paragraph 1559, which states that—

\* \* \* if any nonenumerated article equally resembles two or more enumerated articles on which different rates of duty are chargeable, there shall be levied on such nonenumerated article the same rate of duty as is chargeable on the article which it resembles paying the highest rate of duty; \* \* \*.

Consistent with the views herein expressed, judgment will be entered overruling the protest in all respects.