**No. 59166.**—British Overseas Airways Corp. and Surface Freight Corp. *v.* United States, protest 227786–K (New York).

WILSON, Judge: The merchandise involved in this case consists of certain bags, invoiced as "Night Stop Bags, plastic," which were classified under paragraph 1531 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, as leather bags and assessed at the rate of 20 per centum ad valorem, by similitude (paragraph 1559). The plaintiffs contend that the importation is properly dutiable under paragraph 1558 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T. D. 52739, supplemented by the Presidential proclamation, T. D. 52827, as nonenumerated manufactured articles at the rate of 10 per centum ad valorem.

It is conceded that the only issue presented to the court for determination is whether the bags in question should be classified under paragraph 1531 of the tariff act as leather bags, by similitude, as provided in paragraph 1559 of said act, or whether they are properly dutiable under paragraph 1558 of said act as nonenumerated manufactured aticles. The parties agree that the only element of similitude involved is that relating to use (R. 40–41). While counsel for the defendant expressed some doubt as to whether he should urge the issue of similitude by texture, it seems clear from the record that the Government places its sole reliance on similitude by use (R. 40–41).

The bags under consideration are admittedly made of plastic (R. 40). The undisputed testimony establishes that they are packed by the manufacturer in individual cardboard boxes (plaintiffs' collective exhibit 1) and are either mailed in the original containers to plaintiffs' passengers, who have purchased tickets, or delivered in person to such purchasers simultaneously with the payment of the

fare (R. 6–7). In each container is "a travel handbag" (R. 8). These bags serve the same identical purpose for travelers as leather bags of the same or similar size (R. 13, 22). The plaintiffs contend, however, that, because leather bags are more expensive to purchase and mail than the plastic importations now before us, such leather bags differ, from the plaintiffs' point of view, from the cheaper plastic bags here involved.

Stripped of all nonessentials, we then see that the nub of the question is whether use, by similitude, is to be determined by the manner in which the articles involved are employed by the ultimate user for whom they are admittedly designed and intended. If not, what consideration is to be given to plaintiffs' contention that the cost of acquisition and mailing, coupled with convenience in handling the bags, distinguishes the leather from the plastic bags?

The case at bar is clearly distinguishable from the cases of *Roovers Bros., Inc.* v. *United States*, 23 Cust. Ct. 53, C. D. 1190, and *Holeproof Hosiery Co.* v. *United States*, 27 Cust. Ct. 176, C. D. 1366, cited in plaintiffs' brief.

In the *Roovers Bros.* case, *supra*, the court held that a paste used as an adhesive "in packaging cartons and for sticking papers or documents together" could not, by similitude, be classified as "soluble or chemically treated starch," where the evidence showed mere intermittent use of chemically treated starch as an adhesive agent. There was, in effect, no showing which would establish a comparable mode of use.

In this same case, the court observed that "the testimony fails to establish the essentials of comparable mode of use and effectiveness between the imported product and the substance directly provided for in the tariff act." The court quoted from "The Summary of Tariff Information of 1929, compiled by the United States Tariff Commission for use of the Committee on Ways and Means in its consideration of adjustments in the Tariff Act of 1922" the following:

Soluble starch is starch rendered soluble by heat and chemical treatment. It is intermediate between starch and dextrine, and is used as a sizing agent in the textile industry and in volumetric chemical analysis.

Quite clearly, therefore, the soluble starch in the *Roovers Bros.* case, *supra*, was not essentially an adhesive, but was primarily a sizing or surfacing material.

In the *Holeproof Hosiery* case, *supra*, "spun nylon yarn was classified by similitude as wool yarn, other than in chief value of Angora rabbit hair." The classification was based on the admitted fact that "both articles are used in the production of men's hosiery." The court held that "Such a general usage of the two products, however, is a mere superficial sameness and is not sufficient for classification by similitude." However, it quoted with approval the following holding in the case of *Pickhardt* v. *Merritt*, 132 U. S. 252, cited in *Roovers Bros.*, *supra*, in discussing the similitude of use between coal-tar colors or dyes "and a tariff provision for aniline dyes":

* * * if there was a similitude in the mode of use, a similitude in the same kind of dyeing, producing the same colors in substantially the same way, so *as to take the place of aniline dyes in use,* there would be a similitude in use. [Italics ours.]

In the merchandise here involved, the plastic bags have but one purpose or use, i. e., as small traveling bags to be carried by a passenger to accommodate his small personal belongings which he desires to have near him, readily accessible at all times. This is precisely the *same use* made of leather bags similar in size and design to the imported plastic traveling bags.

Does such practical identity of the two types of bags in ultimate use suffice to justify the collector's classification of the plastic bags by similitude? We are of the opinion that it does.

In the case of *Corporacion Argentina de Productores de Carnes* v. *United States,* 29 C. C. P. A. (Customs) 288, C. A. D. 204, our appellate court laid down the following principles of law as guides to be followed in applying the similitude rule:

(A) The similitude act applies only to nonenumerated articles. * * *

(B) The similitude provisions of tariff acts take precedence over the nonenumerated provisions. "If an article is found not enumerated in the tariff laws, then the first inquiry is whether it 'bears a similitude, either in material, quality, texture, or use to which it may be applied, to any article enumerated * * *.'"

(C) The similitude provision does not require identity. "It must be borne in mind that the statute does not require identity; if that were necessary the statute would have no raison d'être."

(D) The similitude clause does not require that the resemblance should be in all four of the particulars mentioned * * * a substantial similarity in one of those particulars being adequate.

From the foregoing legal guide, it is clear that the nonenumerated manufactured articles now under consideration should be classed under the similitude rule, rather than as nonenumerated, if the former rule is applicable; that, to be classified by similitude, it is sufficient to justify such classification, if similitude by use only is found; and that, in determining whether the goods are dutiable under the similitude rule, exact identity of use need not be shown.

In the case of *Strauss & Co.* v. *United States,* 2 Ct. Cust. Appls. 203, T. D. 31946, combs made of "gallilith," "a product of sour milk," were held to be dutiable, by similitude of use, under paragraph 463 of the Tariff Act of 1909 as "Combs, composed wholly of horn, or composed of horn and metal." The court pointed out that "Combs manufactured from gallilith have, of course, the same identical use as combs made from any other material."

In *Vandiver* v. *United States,* 1 Ct. Cust. Appls. 194, 197, T. D. 31219, the appellate court, in upholding a classification of certain small cedar boxes as "smokers' articles," by similitude, stated that, in its opinion, the Board of General Appraisers was correct in its classification because the boxes involved "were smokers' articles, were suitable for use by smokers, and were imported to be generally sold for such purpose."

The appellate court in the *Vandiver* case, *supra,* sustained the finding of the board that "exclusive use is not the criterion; that is, * * * although an article is not used exclusively for the purpose for which it is imported, and, in fact, is sold to persons who may use it for other purposes, it is none the less *dutiable at the rate prescribed in the specific provision covering it in its general and commonly known use.*" [Italics ours.]

There is nothing in the record before us to show that the cardboard boxes in which the imported containers are packed are anything other than the usual containers, nor does it appear that they have any independent value. It is clear therefore, that they are not separate tariff entities subject to duty. *United States* v. *American Railway Express Co.,* 11 Ct. Cust. Appls. 211, T. D. 38968.

We can find no authority and can find no reason for dealing with the imported merchandise for classification purposes other than from the use it serves when in the hands of the ultimate user. When so viewed, the classification as a leather traveling bag, by similitude, is justified.

Finally, the plaintiffs on the record in this case have not overcome the presumption of correctness attaching to the collector's classification which, under the law, was their responsibility.

The protest is, therefore, overruled and judgment will be entered accordingly.