(C. D. 1748)

MAHER-APP & CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided January 5, 1956)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General (*Joseph E. Weil* and *Murray Sklaroff*, trial attorneys), for the defendant.

Before EKWALL and JOHNSON, Judges

JOHNSON, Judge: These are protests, consolidated at the trial, against the collector's assessment of duty on artificial teeth, composed of a plastic material, at 50 cents per dozen, but not less than 45 per centum nor more than 70 per centum ad valorem, under paragraph 212 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's proclamation of May 4, 1948, T. D. 51909. Said paragraph covers china, porcelain, and other vitrified wares, and this merchandise was classified thereunder, by virtue of the similitude clause of paragraph 1559. Various claims are made in the protests, but the one relied upon is that the merchandise is not covered by paragraph 212 or classifiable thereunder by similitude and is properly dutiable as a nonenumerated manufactured article at 10 per centum ad valorem under paragraph 1558 of said tariff act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T. D. 52739, and the President's notification of September 18, 1951, T. D. 52827.

The pertinent provisions of the tariff act and the modifications thereof are as follows:

[PAR. 212, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's proclamation of May 4, 1948, T. D. 51909.] China, porcelain, and other vitrified wares (except * * *), composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture, * * * and all other articles composed wholly or in chief value of such ware, * * *:

  \*   \*   \*   \*   \*   \*   \*

Articles of the kinds provided for in the preceding item which are painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any

manner, and manufactures in chief value of such ware, not specially provided for:

\* \* \* \* \* \* \*

Other (except \* \* \*):

\* \* \* \* \* \* \*

|  | |
|---|---|
| Not containing 25 per centum or more of calcined bone_____ | 50¢ per doz., but not less than 45% nor more than 70% ad val. |

[PAR. 1558, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T. D. 52739, and the President's notification of September 18, 1951, T. D. 52827.]   Articles manufactured, in whole or in part, not specially provided for (except \* \* \*)_____ 10% ad val.

PAR. 1559.   That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; \* \* \*.

At the trial, it was stipulated as follows:

(1)   That the merchandise under protests 248028–K, 248029–K, 248030–K, and 248031–K, identified on the invoice as "Sirius" artificial teeth, as well as all of the merchandise under Protest 248031–K, assessed with duty upon liquidation at 70 percent ad valorem under paragraph 212, Tariff Act of 1930, consists of artificial teeth for use in place of natural human teeth, composed of 99 percent by weight of plastic and 1 percent by weight of mineral pigment, plastic being the component material of chief value.   The plaintiff limits his protest to the above-identified artificial teeth and abandons the protest as to other merchandise.

(2)   That said 99 percent by weight of plastic is composed entirely of methyl methacrylate.

(3)   That said plastic and pigment have been molded into the form of artificial teeth in a mold by the application of heat and pressure to the materials in the mold.

(4)   That said artificial teeth have been classified under said paragraph 212 by virtue of the similitude clause in paragraph 1559 of the same act, and that said artificial teeth are not composed of the materials specifically covered in said paragraph 212, and that said artificial teeth are not derived from a product provided for in paragraph 27 or in paragraph 1651 of the same Act [certain coal-tar products].

Three illustrative samples of the merchandise were received in evidence.   The Government introduced the laboratory reports among the official papers in protest No. 248029–K and protest No. 248031–K. These indicate that the merchandise involved herein is composed of a plastic, methyl methacrylate, a synthetic resin not derived from a product provided for in paragraph 27 or 1651.

Plaintiff claims that plastic articles of the general type of those here involved have not been classified by similitude but have been held dutiable as nonenumerated manufactured articles, citing *C. J. Bates & Son* v. *United States*, 66 Treas. Dec. 104, T. D. 47189; *Rolls*

*Razor, Inc.* v. *United States,* 6 Cust. Ct. 271, C. D. 480; *Wenchow Importing Co.* v. *United States,* 25 Cust. Ct. 269, Abstract 54651. In those cases, it was held that certain articles manufactured of synthetic resin were not classifiable by similitude to horn, galalith, or ivory, respectively, on the ground that no similarity in material, quality, texture, or use was established. In *C. J. Bates & Son* v. *United States, supra,* it was stated that the articles were somewhat similar to horn in appearance, but the court was unable to determine from the record whether there was any similarity in the particulars set forth in the statute. In *Rolls Razor, Inc.* v. *United States, supra,* it was held that soap bowls of synthetic phenolic resin were not classifiable as articles of galalith, by similitude since the only similarity shown was that both materials belonged to the plastic family. In *Wenchow Importing Co.* v. *United States, supra,* it was held that figurines of synthetic phenolic resin were not similar to ivory figurines, since they did not resemble ivory in material, quality, texture, or use. See to the same effect *Wing On Co. et al.* v. *United States,* 29 Cust. Ct. 414, Abstract 56967.

In the recent case of *B. K. Elliott Company* v. *United States,* 34 Cust. Ct. 121, C. D. 1690, it was held that slide rules, composed of synthetic resin, were classifiable by similitude of use to mathematical instruments, wholly or in chief value of metal, and in *British Overseas Airways Corp. et al.* v. *United States,* 34 Cust. Ct. 411, Abstract 59166, it was held that plastic traveling bags were classifiable as leather bags, by similitude, since they were used in precisely the same way.

We conclude that articles made of plastic material may be classified by similitude, provided the requirements of the statute have been met.

In the instant case, the collector classified the merchandise by similitude to artificial teeth, composed of porcelain. It is presumed, as a matter of law, that he found the merchandise similar in material, quality, texture, or use. *B. K. Elliott Company* v. *United States, supra.* The similitude clause does not require that the resemblance should be in all four of the particulars mentioned. A substantial similarity in one is sufficient. *Hartmann Trunk Co.* v. *United States,* 27 C. C. P. A. (Customs) 254, C. A. D. 95; *Corporacion Argentina de Productores de Carnes* v. *United States,* 29 C. C. P. A. (Customs) 288, C. A. D. 204.

No evidence to disprove the collector's classification herein has been presented, and it has been stipulated that the merchandise consists of artificial teeth for use in place of natural human teeth. It may be assumed, therefore, that the imported articles are used in the same way as artificial teeth of porcelain. Similarity in use may be so obvious as to require no express proof, and proper deductions from

established facts may be indulged. *Mary G. Ricks* v. *United States*, 33 C. C. P. A. (Customs) 1, 7, C. A. D. 308.

In the recent case of *J. M. P. R. Trading Corp. et al.* v. *United States*, 43 C. C. P. A. (Customs) 1, C. A. D. 600, it was held that nylon monofilament fishing line was classifiable under paragraph 1211 of the Tariff Act of 1930, as modified, by similitude to manufactures of silk. The court stated:

> In passing upon the question of similitude of use it is unnecessary to consider the contentions of appellants that there are many physical and chemical differences between silk and nylon, and that silk fishing lines are braided whereas a monofilament nylon line, as its name implies, consists of a single strand, since those contentions relate to the material, quality or texture of the article under consideration, rather than to its use.

The court concluded from the record presented that silk fishing lines and monofilament nylon lines could both be used for each of the common types of fishing and that both were so used to some extent at least.

In the instant case, plaintiff does not rely on any alleged dissimilarity of use but on the claim that the similitude clause does not apply to the articles covered by paragraph 212 on the ground that the words "composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture," expressly exclude articles not so composed. The relevant principle is that a paragraph may clearly indicate an intent that nothing shall, by similitude, be dutiable thereunder. Such exclusion will not be assumed or implied from an *eo nomine* or a descriptive provision; there must be express language of exclusion or a condition tantamount to the same. *Strauss & Co.* v. *United States*, 2 Ct. Cust. Appls. 203, T. D. 31946; *Nevin* v. *United States*, 5 Ct. Cust. Appls. 423, T. D. 34945; *Ungerer & Co. (Inc.)* v. *United States*, 15 Ct. Cust. Appls. 279, T. D. 42469.

In *Strauss & Co.* v. *United States, supra*, it was held that combs composed of gallilith were classifiable by similitude to combs, composed wholly of horn, or composed of horn and metal. It was argued that the similitude clause was not applicable, for the reason that the tariff provision was restricted to combs composed of horn or of horn and metal. The court said (pp. 204–205):

> * * * The difficulty with this contention is that counsel has assumed that an express designation of a particular article is the same thing as an express exclusion of all others. If paragraph 463, under which the merchandise was assessed for duty, excludes all combs other than those mentioned therein, it must be held to do so, not by reason of express language to that effect, but because the specific designation of a particular article implies a legislative intent to exclude all others in the absence of any provision of law otherwise directing. The law, however, under which the goods were imported contains an express statutory declaration which does not permit of that implication, and the distinction between an implied

exclusion and an express exclusion, ordinarily of little consequence, must be fully respected if effect is to be given to paragraph 481 [the similitude provision], a very important provision of the tariff act. * * *

\*  \*  \*  \*  \*  \*  \*

* * * Of course, if Congress had provided in paragraph 463 for combs made of horn or of horn and metal, but not of gallilith, such a provision would have expressly excluded gallilith combs from that paragraph and made the similitude clause of paragraph 481 inapplicable to the goods under consideration.  Not having done so, however, we can not imply that such was its intention in the face of an expressed direction that nonenumerated articles shall carry the same duty as the enumerated articles which such nonenumerated articles most resemble either in material, quality, texture, or use.

In *Ungerer & Co. (Inc.)* v. *United States, supra,* the court found that the merchandise, resinaromes, a natural product containing no foreign substances, was not dutiable directly under the third provision of paragraph 61 of the Tariff Act of 1922, which provided for mixtures or combinations containing essential or distilled oils, or natural or synthetic odoriferous or aromatic substances, since the words "mixture" and "combination" meant an artificial mixing or combining of ingredients.  It was held, however, that the merchandise was so classifiable by similitude, the court stating (p. 284):

An article is, for the purpose of invoking the similitude paragraph "enumerated" if it comes within a class made dutiable in general terms quite as certainly as if it is made dutiable under an *eo nomine* designation.  *Robins* v. *United States,* 1 Ct. Cust. Appls. 252; *United States* v. *Buss,* 3 idem, 87; *United States* v. *Cochran,* 3 idem, 57, and cases therein cited.

Applying the principles to be deduced from the foregoing cases, and many others might be cited to the same effect, we think these resinaromes are dutiable under paragraph 61 by virtue of the similitude provision.  They are perfume materials used in making perfumery and nothing else; they contain natural, odoriferous substances, and are used not only for their odor but for their fixative value.  Of course, odor is a requisite of perfumery and fixity thereof desirable.  While for the purposes of this decision we do not regard them as *mixtures* or *combinations* containing natural odoriferous substances, they clearly are *articles* containing such substances.

* * * These resinaromes the court below found to be natural products containing no foreign substances and used for making perfumery, for both the *odor* and fixative value.  They are, therefore, perfumery materials, containing natural odoriferous substances very similar to the things provided for in the third provision of the paragraph and used for the same purpose.   [Italics quoted.]

The courts have held certain language to constitute express terms of exclusion, preventing the application of the similitude clause.  Some of the cases fall within the rule that an article cannot be made dutiable by similitude to the same article, made of the same material, but in a different condition, and some involve an express statutory definition. In *United States* v. *Neuman & Schwiers Co.,* 6 Ct. Cust. Appls. 228, T. D. 35467, it was held that a provision for biscuits, bread, and other baked articles "containing chocolate, nuts, fruits, or confectionery

of any kind" forbade the inclusion by similitude of baked articles, which contained no chocolate, nuts, fruit, or confectionery. Likewise, a provision for mixtures of sugar and water, testing by the polariscope above 50 sugar degrees, was held not to include by similitude mixtures testing less than 50 sugar degrees. *Cresca Co. (Inc.) et al.* v. *United States*, 17 C. C. P. A. (Customs) 83, T. D. 43376. A provision for still wines and similar beverages has been held restricted to articles which are beverages. *Porges & Levy* v. *United States*, 15 Ct. Cust. Appls. 298, T. D. 42474; *C. H. Arnold & Co.* v. *United States*, 20 C. C. P. A. (Customs) 417, T. D. 46259. In *United States* v. *Charles R. Allen, Inc., et al.*, 37 C. C. P. A. (Customs) 110, C. A. D. 428, it was held that shredded coconut meat in sugar sirup was not classifiable by similitude as coconuts, shredded and desiccated, or similarly prepared. A paragraph providing for manufactures of straw, defining straw as that substance in its natural state, was held not to cover, by similitude, articles of dyed straw. *Akawa, Morimura & Co.* v. *United States*, 11 Ct. Cust Appls. 418, T. D. 39432. That case held also that a provision for mats and rugs, having a warp of cotton, hemp, or other vegetable substance, excluded rugs having no warp at all. The express limitation of a paragraph to drugs, as defined therein, forbids the classification thereunder by similitude of articles not falling within the definition. *Astoria Pan-Americana, Inc.* v. *United States*, 32 Cust. Ct. 243, C. D. 1608.

In the instant case, plaintiff argues that paragraph 212 is limited to articles of a definite composition and that the imported merchandise, having a different composition, is not classifiable thereunder. The decisions of our appellate court do not support this contention but demonstrate that a provision for articles composed of a specified material may be extended by virtue of the similitude clause to cover similar articles composed of a different material. *Strauss & Co.* v. *United States*, supra (combs of gallilith, classified as combs of horn); *Nevin* v. *United States*, supra (bottle caps of viscose, stated to be classifiable as bottle caps of metal, if similar); *Corporacion Argentina de Productores de Carnes* v. *United States*, supra (mixed feeds, not containing grain, held not excluded from classification by similitude as "mixed feeds, consisting of an admixture of grains or grain products with * * * other feedstuffs"); *J. M. P. R. Trading Corp. et al.* v. *United States*, supra (nylon monofilament fishing line classifiable as manufactures of silk).

In our view, the words "composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture," are descriptive and are no more exclusionary than the words "combs, composed wholly of horn" or the words "bottle caps of metal." Therefore, the similitude clause is applicable, and since the collector has classified the merchandise under para-

graph 212, by similitude, and no evidence overcoming the presumption of correctness of that action has been presented, the collector's classification must be sustained. The protests are overruled, and judgment will be rendered for the defendant.