(C.D. 2096)

MORRIS FRIEDMAN *v.* UNITED STATES

United States Customs Court, First Division

(Decided July 9, 1959)

*Tompkins & Tompkins* (*Allerton deC. Tompkins*) of counsel for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Daniel I. Auster* and
*Margaret M. Kiley*, trial attorneys), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

MOLLISON, Judge: The importer in the cases at bar imported certain dry shavers contained in cases composed of synthetic materials. The cases were assessed with duty separately from the shavers at the rate of 20 per centum ad valorem under paragraph 1531 of the Tariff Act of 1930, as modified by the Presidential proclamation reported in T.D. 51802, by similitude of use, under paragraph 1559 (a) of the said act, as amended, to the cases wholly or in chief value of leather therein provided for.

The similitude provision of the Tariff Act of 1930, as amended, reads as follows:

PAR. 1559. (a) Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; and if any nonenumerated article equally resembles in that particular two or more enumerated articles on which different rates of duty are chargeable,

it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed.

Various claims are made in the protests and by timely amendment thereof, and, while none was abandoned, the only claim pressed is that the cases involved are not similar in use to any article enumerated in the tariff act as chargeable with duty, and consequently should be assessed with duty at the rate of 10 per centum ad valorem under the catchall provision for nonenumerated manufactured articles in paragraph 1558 of the said act, as modified by either the Presidential proclamation reported in T.D. 51802 or the Presidential letter of notification reported in T.D. 52827.

From the positions of the parties, there does not seem to be any question but that the merchandise is not classifiable directly under any enumeration in the tariff act.

As pointed out by counsel for the Government in the brief filed in its behalf, the classification by the collector under the similitude provision carried with it a presumption that he found every fact to exist that was necessary to sustain his classification—in this instance, that the involved cases were similar in the use to which they may be applied to cases made wholly or in chief value of leather. *United States* v. *Marshall Field & Co.*, 17 C.C.P.A. (Customs) 1, T.D. 43309; *Maher-App & Co.* v. *United States*, 36 Cust. Ct. 20, C.D. 1748, reversed on other grounds in *Same* v. *Same*, 44 C.C.P.A. (Customs) 22, C.A.D. 630; and *S. S. Kresge Co. et al.* v. *United States*, 40 Cust. Ct. 145, C.D. 1974, affirmed in *Same* v. *Same*, 46 C.C.P.A. (Customs) 100, C.A.D. 707. Part of the burden resting upon the plaintiff was, therefore, to establish, at least *prima facie*, that the imported cases were not similar in the use to which they may be applied to cases made wholly or in chief value of leather—which would rebut the presumption of correctness in favor of the collector's classification.

Plaintiff sought to meet that burden by adducing evidence that cases made wholly or in chief value of leather could not be used as containers for the shavers imported in the involved cases.

Such proof, if successfully made, however, would tend to establish a situation not quite that contemplated by the similitude statute. Applied to the facts of the situation at bar, it appears that under paragraph 1559(a), *supra*, the question is *not* whether cases wholly or in chief value of leather are similar in the use to which they may be applied to the use of the cases at bar—which is the issue upon which plaintiff offered proof—but whether the cases at bar are similar in the use to which they may be applied to the use of cases wholly or in chief value of leather.

The question is brought into sharper focus by a consideration of the comparison of uses which the similitude provision envisions, i.e.,

whether, in the protests at bar, the comparison of use is to be made between that of the particular cases here involved and of (1) leather cases generally, or (2) leather cases having a use similar to the use of the cases at bar, or (3) leather cases used to contain dry shavers *such as* (i.e., identical with) those at bar.

Plaintiff's proof is addressed only to situation (3). As such, it presupposes that proof of lack of *identity* of use between the imported cases and cases made wholly or in chief value of leather would establish lack of the *similarity* or *similitude* of use contemplated by the statute. We are of the opinion that such proof is not sufficient to overcome the presumption of correctness attaching to the collector's classification under the similitude provision.

It was not essential to the correctness of the collector's classification that he find that the imported cases and cases wholly or in chief value of leather be identical or interchangeable in use. Proof of an *identity of result*, where shown, would tend to establish the correctness of a classification under the similitude provision. *Pittsburgh Plate Glass Co.* v. *United States*, 2 Ct. Cust. Appls. 389, T.D. 32162. But the reverse is not necessarily true, that is to say, proof of a lack of identity of result would not establish a lack of similitude, for, as said in *United States* v. *Dana*, 99 Fed. 433, "The section does not require identity, but is satisfied by similarity in uses."

The collector is presumed to have found that the cases at bar were similar in the use to which they may be applied to some leather cases, not necessarily cases for the particular type or brand of dry shavers imported contained in the cases at bar, but at least cases having a similar function. Such cases would in all probability be cases wholly or in chief value of leather made to hold shavers other than the type or brand of those at bar. Plaintiff's proof does not cover that situation and, in that respect, is deficient.

Moreover, we are of the opinion that even if it should be held, as contended by plaintiff, that establishing a lack of identity of use between the imported cases and cases wholly or in chief value of leather would preclude the classification by similitude of one to the other, plaintiff has, nevertheless, failed to overcome the presumption of correctness attaching to the collector's classification.

The evidence offered by the plaintiff indicates that certain factors enter into the determination as to whether leather or plastic should be used in making cases for shavers such as those at bar. Among these factors are comparative costs, softness, attractiveness, resiliency, ease of cleaning, resistance to water, scratching, cracking, and shock, durability, and ability to exclude dust. Plaintiff's witness indicated that a very vital, in fact, determinative, factor, would be cost, and that the comparative costs of leather and of plastic preponderate so much in favor of plastic that the use of leather would be economically

prohibitive. As to the remaining factors, the advantages of some are apparently the same whether leather or plastic be used, while the evidence as to the others indicates that plastic is superior in the qualities named to leather.

Although the only witness called, the importer and ultimate consignee of the merchandise involved, drew the conclusion from his own testimony that leather could not be used in place of plastic in containers for dry shavers such as those at bar, we are satisfied that the conclusion was not supported by the evidentiary facts brought out. We are of the opinion that the testimony as to the various factors indicates that determination is made on the basis of preference for, or efficiency of, one material rather than the other, and that the testimony does not indicate such an absolute bar, except, possibly, in the economic sense, of the use of leather, rather than plastic, which would support the conclusion drawn by the witness. The recent decision in the case of *Seattle Marine & Fishing Supply Co. et al.* v. *United States*, 45 C.C.P.A. (Customs) 93, C.A.D. 679, is authority for holding that elements of relative preference, efficiency, or economy do not establish dissimilarity under the similitude clause.

For the foregoing reasons, the protest claims in each case are overruled. Judgment will issue accordingly.